**SO ORDERED.**
**SIGNED 23rd day of April, 2026**



**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Nancy B. King
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 2:26-bk-00774 |
| JOEL AARON SUTTON, and | ) |
| TERRY MELISSA SUTTON, | ) JUDGE NANCY B. KING |
| | ) |
| Debtors. | ) CHAPTER 7 |
| | ) |
| | ) |
| JOEL ARRON SUTTON, and | ) |
| TERRY MELISSA SUTTON, | ) ADV. NO. 2:26-ap-90041 |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| PENNYMAC LOAN SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on the Plaintiffs' Amended Motion for Preliminary Injunction [Dkt. No. 4]. Specifically, the Plaintiffs seek "to maintain the status quo and prevent eviction or transfer of the subject property pending resolution of this adversary proceeding."[1]

---

[1] The Plaintiffs also filed "Debtors' Motion to Strike Movant's Exhibits," [Adv. Dkt. No. 2], and "Motion for Extension of Time and Temporary Stay of Proceedings." [Adv. Dkt. No. 5]. Duplicate motions were filed in the main bankruptcy case and have already been addressed by this Court. [Bankr. Dkt. No. 56].

Whether to issue a preliminary injunction is committed to the sound discretion of the trial court. *Tennessee v. U.S. Dep't of Educ.*, 615 F. Supp. 3d 807, 819 (E.D. Tenn. 2022) (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982)). "When issuing a preliminary injunction . . ., a bankruptcy court must consider the traditional factors governing preliminary injunctions issued pursuant to Federal Rule of Civil Procedure 65." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.* (*In re Eagle-Picher Indus., Inc.*), 963 F.2d 855, 858 (6th Cir. 1992) (citation omitted). The general standard for a preliminary injunction is well known. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also* Fed. R. Bankr. P. 7065. As in all applications for preliminary injunctions, "the four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of success required may depend on the strength of the other factors." *Unsecured Creditors' Comm. of DeLorean Motor Co v. DeLorean* (*In re DeLorean Motor Co.*), 755 F.2d 1223, 1229 (6th Cir. 1985). The Sixth Circuit has emphasized the flexibility of the four factors by noting that, as an alternative if circumstances warrant, courts may relax the need for likelihood of success by showing that "the merits present a sufficiently serious question to justify further investigation." *Id.* at 1230.

Balancing the four factors here, the Plaintiffs are not entitled to injunctive relief. The Plaintiffs cannot meet the substantial probability of success standard to justify an injunction. At the hearing on PennyMac Loan Services, LLC's ("PennyMac") motion for relief from the automatic stay, the Plaintiffs asserted the same challenges now argued here about the validity of

2

the foreclosure sale. PennyMac provided certified copies of the Deed of Trust, the Substitute Deed of Trust, and the state court orders granting a judgment of possession and dismissing the appeal of that order of possession. PennyMac was granted stay relief to pursue post-foreclosure eviction of the Debtors after the Court found the real estate was not property of the estate.

This is a Chapter 7 case which was filed post-foreclosure, and the harm to the Chapter 7 Debtors at this point is eviction. While a difficult result for the Plaintiffs personally, it is not the type of harm that would warrant injunctive relief. The third and final factors do not tip the scales in favor of injunctive relief.

Accordingly, the Court finds that the Plaintiffs have not met their burden to justify such extraordinary relief.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Amended Motion for Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.**