

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Nancy B. King
U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 2:26-bk-00774 |
| JOEL AARON SUTTON, and | ) |
| TERRY MELISSA SUTTON, | ) JUDGE NANCY B. KING |
| | ) |
| Debtors. | ) CHAPTER 7 |
| | ) |
| JOEL AARON SUTTON, and | ) |
| TERRY MELISSA SUTTON, | ) ADV. NO. 2:26-ap-90041 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PENNYMAC LOAN SERVICES, LLC, | ) |
| and RUBIN LUBLIN TN, PLLC, | ) |
| | ) |
| Defendants. | ) |

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
## AND ABSTAINING FROM HEARING ADVERSARY PROCEEDING

---

This matter is before the Court upon Motions to Dismiss the Complaint for Declaratory

Relief, Injunctive Relief, Rescission, Discovery Accounting, and Disallowance of Claim filed by

Joel Aaron Sutton and Terry Melissa Sutton ("Plaintiffs"). PennyMac Loan Services, LLC

("PennyMac") seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), made

applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7012, and Rubin Lublin

TN, PLLC ("Rubin Lublin") seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (4), and (5), also made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7012. For the reasons stated herein, the Court GRANTS both Motions and Dismisses the Adversary Proceeding.

<div align="center">**FACTUAL BACKGROUND**</div>

This case arises out of and concerns the real property located at 876 Nichols Road, Dixon Springs, Tennessee 37057 ("Property"). On February 12, 2019, Plaintiff Joel Aaron Sutton obtained a residential mortgage loan in the original principal amount of $162,121.00 (the "Loan") from Bank of England ("Lender"). In connection with his retention of the Loan, Plaintiff Joel Aaron Sutton executed a promissory note ("Note"), which set forth the terms of repayment of the Loan. To secure the Loan, both Plaintiffs executed a Deed of Trust ("Deed of Trust") conveying the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Lender and its successors and assigns, which Deed of Trust was recorded on February 15, 2019, in Book 72, Pages 68-80 of the Macon County, Tennessee, real property records.

On June 2, 2020, MERS assigned the Deed of Trust to PennyMac via the Corporate Assignment of Deed of Trust ("Assignment") recorded on June 10, 2020, in Book 102, Page 315 of the Macon County, Tennessee, real property records. Thereafter, Plaintiff Joel Aaron Sutton and PennyMac entered into a Loan Modification which provided for a fixed interest rate ("Loan Modification Agreement"), which was recorded on March 11, 2021, as Document Number 202101009204 of the Smith County, Texas, real property records. PennyMac appointed Rubin Lublin as Substitute Trustee in connection with the Deed of Trust on September 6, 2023, which was recorded on September 28, 2023, with said appointment set forth in Book 192, Page 134,

<div align="center">2</div>

Instrument Number 23003329 in the Macon County, Tennessee, Register of Deeds ("Register's Office").

After the Plaintiffs defaulted on the Loan, PennyMac foreclosed on the Property on November 1, 2023, as evidenced by the Substitute Trustee's Deed recorded on December 5, 2023, at Book RB195, Pages 879-881 in the Register's Office.

Following the November 14, 2023, foreclosure sale of the Property, PennyMac filed an unlawful detainer action on December 18, 2023, in the Macon County General Sessions Court ("General Sessions Court") (Case No. 2023-CV-704) against the Plaintiffs and all others residing at the Property, as tenants holding over on the Property following the foreclosure sale. On June 3, 2025, the General Sessions Court entered a judgment in favor of PennyMac in the unlawful detainer action and granted PennyMac possession of the Property. The Plaintiffs appealed that judgment to the Macon County Circuit Court ("Circuit Court"), which dismissed the Plaintiffs' appeal on January 16, 2026, for failure to post an appeal bond. The Plaintiffs appealed this decision, which was dismissed by the Tennessee Court of Appeals. Contemporaneously with their notice of appeal, the Plaintiffs filed a Motion to Vacate the Dismissal Order in Circuit Court; however, this motion was denied based on lack of subject matter jurisdiction.

The Plaintiffs have also filed at least three previous lawsuits against PennyMac in the United States District Court for the Middle District of Tennessee ("District Court"), challenging PennyMac's authority to enforce the terms of the Note and Loan and/or to foreclose on the Property. [Case Nos. 2:23-cv-00064 ("*Sutton I*") (filed by Plaintiff Joel Aaron Sutton only), Case No. 2:24-cv-00014 ("*Sutton II*") (initiated by both Plaintiffs), and 2:25-cv-00035 ("*Sutton III*") (filed by both Plaintiffs)]. In *Sutton I*, the complaint against PennyMac was dismissed based on the Plaintiffs' failure to effectuate proper service on PennyMac. *See* Case No. 2:23-cv-00064,

Docket No. 108 (M.D. Tenn. Feb. 25, 2025). In *Sutton II*, the Plaintiffs attempted to remove PennyMac's unlawful detainer complaint from Macon County General Sessions Court to federal court, and the District Court granted PennyMac's motion to remand. *See* Case No. 2:24-cv-00014, Docket No. 34 (M.D. Tenn. Feb. 19, 2025). In *Sutton III*, the Plaintiffs asserted claims against PennyMac for alleged violations of 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution, the Truth in Lending Act, the Racketeer Influenced Corrupt Organizations Act, as well as fraud, all of which were dismissed by the District Court for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Case No. 2:25-cv-00035, Docket No. 36 (M.D. Tenn. Feb. 11, 2026).

The Plaintiffs filed a Chapter 7 petition in this Court on February 23, 2026. On April 23, 2026, the Court entered an Order modifying the automatic stay to permit PennyMac to pursue its eviction remedies against the Property in accordance with applicable state law. [Bankr. No. 2:26-bk-00774, Docket No. 66]. The Plaintiffs appealed the decision to the Sixth Circuit Bankruptcy Appeal Panel ("BAP") on April 21, 2026. That appeal is presently pending.

Prior to the Court's ruling on stay relief, the Plaintiffs filed this adversary proceeding against PennyMac and Rubin Lublin on April 14, 2026, and amended their complaint on April 20, 2026. [Adv. No. 2:26-ap-90041, Docket Nos. 1 and 7]. They also filed Motions for Preliminary Injunctions [Adv. No. 2:26-ap-90041, Docket Nos. 3, 4, and 6] seeking to enjoin PennyMac and Rubin Lublin from "eviction or transfer of the property." On April 23, 2026, the Court denied the Plaintiffs' motions for injunctive relief. [Adv. No. 2:26-ap-90041, Docket No. 6]. The Adversary is currently set for a pretrial conference on August 11, 2026.

Case 2:26-ap-90041   Doc 16   Filed 05/28/26   Entered 05/28/26 13:59:03   Desc Main
Document    Page 4 of 12

Plaintiffs' Amended Complaint asserts claims against PennyMac and Rubin Lublin for:

| Count | Allegations |
|---|---|
| I | Declaratory Judgment (seeking a declaration that PennyMac is not entitled to enforce the Note and that the November 14, 2023, foreclosure sale of the Property is "void"). |
| II | Injunctive Relief (seeking preliminary and permanent injunctive relief preventing eviction or transfer of the property). |
| III | Rescission/Set Aside of the November 14, 2023, foreclosure sale of the Property (alleging that the foreclosure sale was void because there is "no proof of ownership or authority" and the "Substitute trustee acted without verified authority"). |
| IV | Failure to Establish Enforcement Rights under the Uniform Commercial Code (alleging that pursuant to UCC 3-301, Defendants have not proven possession of the note, valid endorsement, or lawful transfer). |
| V | Failure to Provide Accounting under the Uniform Commercial Code § 9-210 (alleging that UCC § 9-210 "permits a debtor to demand an accounting from a secured party concerning the unpaid obligations and collateral") |
| VI | Failure to Prove Claim under 11 U.S.C. § 502 (alleging that the claim of PennyMac should be disallowed) |
| VII | Accounting and Federal Reporting Failure" (citing the Sarbanes-Oxley Act and Regulation S-X). |
| VIII | "Void Foreclosure Sale and Lack of Authority (Agency Liability)" (alleging Rubin Lublin does not have proof of authority and ownership as substitute trustee and agent). |

## <u>DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014) (citing *Ashcroft*). "A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint." *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 (6th Cir. 2012).  It is not enough to allege facts that show a "mere possibility of misconduct" or "that are merely consistent with a defendant's liability." *Ashcroft*, 556 U.S. at 678–

79 (internal citations and quotation marks omitted). A plaintiff must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

When reviewing a motion to dismiss, a court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)) (internal quotation marks omitted); *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."). "[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (citation and internal quotation marks omitted); *Prop. Fund 629, LLC v. MEB Loan Trust IV (In re Connor),* 632 B.R. 506, 512 (Bankr. M.D. Tenn. 2021) (citation omitted).

In support of its Motion to Dismiss, PennyMac submitted the following public records and/or documents that are "otherwise appropriate for the taking of judicial notice" and which the Court has relied upon in considering the Motion to Dismiss for failure to state a claim:

| Exhibit to the Motion | Public Document and/or Appropriate Document for Judicial Notice |
|---|---|
| Exhibit A | Note: On February 12, 2019, Plaintiff Joel Aaron Sutton obtained a residential mortgage loan in the original principal amount of $162,121.00 from Bank of England and executed the Note. |

| Exhibit B | Deed of Trust: Conveying the Property to MERS, as nominee for Lender, its successors and assigns, recorded on February 15, 2019, in Book 72, Pages 68-80 of the Macon County, Tennessee, real property records. |
|---|---|
| Exhibit C | Assignment: MERS assigned the Deed of Trust to PennyMac via the Assignment recorded on June 10, 2020, in Book 102, Page 315, of the Macon County, Tennessee, real property records. |
| Exhibit D | Loan Modification Agreement (Providing for a Fixed Interest Rate): Recorded on March 11, 2021, as Document Number 202101009204 of Smith County, Texas, real property records. |
| Exhibit E | Appointment of Substitute Trustee in connection with the Deed of Trust: Recorded on September 28, 2023, in Book 192, Page 134, Instrument Number 23003329, in the Register's Office. |
| Exhibit F | Substitute Trustee's Deed: PennyMac's non-judicial foreclosure sale as evidenced by the Substitute Trustee's Deed recorded on December 5, 2023, at Book RB195, Pages 879-881, in the Register's Office. |
| Exhibit G | Detainer Judgment: General Sessions Court, Case No. 2023-CV-704, June 3, 2025, judgment in favor of PennyMac on its unlawful detainer action granting PennyMac possession of the Property. |
| Exhibit H | Dismissal Order: Circuit Court, Case No. 2025-CV-62, Dismissal of Plaintiffs' appeal dated January 16, 2026. |
| Exhibit I | Dismissal Order: Circuit Court, Case No. 2025-CV-62, Dismissal of Plaintiff's "Motion to Vacate Void Dismissal" for lack of subject matter jurisdiction because of the pending appeal. |

Based on a review of the foregoing, the Court finds that the Plaintiffs' adversary proceeding against PennyMac should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Rubin Lublin asserts in its motion to dismiss that the Plaintiffs lack standing to pursue this cause of action. Pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of subject-matter jurisdiction is a basis for dismissal of a complaint. Rule 12(b)(1) is frequently relied upon by federal courts to dismiss claims for a lack of standing. *See, e.g.*, *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) (citation omitted) ("We review *de novo* a district court's dismissal of a case for lack of standing—lack of subject matter jurisdiction—under Fed. R. Civ. P. 12(b)(1)."); *Allstate Ins. Co. v. Global Med. Billing, Inc.,* 520 F. App'x. 409, 410-11 (6th Cir.

2013) (citations omitted) ("the issue of standing ... is more properly considered an attack on the court's subject-matter jurisdiction under Rule 12(b)(1)."). For the following reasons, the Court finds that the Plaintiffs lack standing.

When a debtor files a bankruptcy petition, the bankruptcy estate becomes the owner of all the debtor's property as of the commencement of the case. *See* 11 U.S.C. § 541(a)(1). This includes any potential causes of action accrued prior to the filing of the debtor's bankruptcy petition. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d. 902, 904 (6th Cir. 2012). In a Chapter 7 liquidation case, a bankruptcy trustee is appointed to administer that estate. 11 U.S.C. §§ 701–703. As the administrator of the estate, the trustee, rather than the debtor, is responsible for any potential claims. *See* 11 U.S.C. § 704(a)(1). *See also* 11 U.S.C. §§ 323 and 363.

As such, it is for the Chapter 7 trustee to determine whether to pursue any potential pre-petition wrongful foreclosure action for the benefit of all the Plaintiffs' creditors.[1] *In re Moreno*, 622 B.R. 903, 910 n.6 (Bankr. C.D. Cal. 2020) ("[T]he cause of action [for wrongful foreclosure] … was property of the bankruptcy estate of the husband. Therefore, only the chapter 7 trustee could pursue the claim."); *Jones v. MTGLQ Invs., L.P.*, No. 6:17-CV-522, 2019 WL 3806070, at *2 (E.D. Tex. June 24, 2019) ("The [wrongful foreclosure] cause of action asserted in this lawsuit existed when the bankruptcy action was commenced and was, therefore, property of the bankruptcy estate."); *Magana-Lopez v. JPMorgan Chase Bank, N.A.* (*In re Magana-Lopez*), Bankr. No. 6:10-bk-50387-SC, Adv. No. 6:11-ap-01170-SC, 2012 WL 1355553, at *4 (Bankr.

---

1 At this point, any potential cause of action has not been abandoned. The Chapter 7 case is not closed, and the trustee's Report of No Distribution does not constitute a deemed abandonment. *See* 11 U.S.C. § 554. Accordingly, any causes of action remain property of the Plaintiffs' bankruptcy estate, and the Plaintiffs lack standing to prosecute the claims. *See In re Arana,* 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011) (citations omitted) ("[D]uring the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor."). Additionally, because the Plaintiffs did not disclose the potential wrongful foreclosure action in their petition, they cannot claim standing through abandonment. *Rankin v. Brian Lavan and Assocs., P.C.* (*In re Rankin*), 438 F. App'x 420, 425 (6th Cir. 2011). !

C.D. Cal. Apr. 18, 2012) (internal citations and quotation marks omitted) ("We therefore reaffirm our previous reasoning and that of our sister circuits and hold that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate. . . Here, the Debtors failed to schedule their pre-petition cause of action for wrongful foreclosure against Washington Mutual. As a result, this cause of action remains unadministered property of the estate. The Chapter 7 trustee alone has the exclusive right to pursue the cause of action in question on behalf of the bankruptcy estate."); *Samayoa v. Encore Credit Corp.* (*In re Samayoa*), Bankr. No. 10-20405-JNF, Adv. No. 11-1308, 2011 WL 5041756, at *3 (Bankr. D. Mass. Oct. 24, 2011) ("To the extent that Deutsche Bank obtained relief from the automatic stay improperly or its foreclosure sale may be void, and the Property and any claims related to the wrongful foreclosure sale are property of the bankruptcy estate, the proper party to assert those claims to relief is the Chapter 7 Trustee.").

Accordingly, the Court finds that the Plaintiffs lack standing to pursue this cause of action, thus warranting dismissal of this Adversary Proceeding as to both Defendants.

### DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (4), (5)

Rubin Lublin also seeks dismissal based on lack of personal jurisdiction, insufficient process, and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(2), (4), and (5). Even though the Plaintiffs listed Rubin Lublin as a defendant on their adversary cover sheet, they failed to list Rubin Lublin as a party on the docket.[2] Based on the Plaintiffs' error in opening this adversary proceeding, a Summons was only issued to PennyMac, and there is no indication that the Plaintiffs served Rubin Lublin with a copy of the Summons.

---

2 The Court's website provides CM/ECF step-by-step instructions for litigants on how to open an adversary proceeding. See https://www.tnmb.uscourts.gov/sites/tnmb/files/DOCKETING_AP.pdf.
!

Case 2:26-ap-90041   Doc 16   Filed 05/28/26   Entered 05/28/26 13:59:03   Desc Main
Document   Page 9 of 12

"In the absence of proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. And without personal jurisdiction, a federal court is powerless to proceed to an adjudication." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (internal citations and quotation marks omitted). Here, the record shows that a Summons was never issued to Rubin Lublin. Accordingly, even if the Plaintiffs had served the Summons on Rubin Lublin, it would not have created personal jurisdiction. For these reasons, dismissal of the complaint as to Rubin Lublin is required under Federal Rule of Civil Procedure 12(b)(2), (4), and (5).

## **ABSTENTION IS WARRANTED**

In addition, or perhaps in the alternative, PennyMac requests that this Court, in its discretion, abstain from hearing this Adversary Proceeding. The Court agrees that discretionary abstention is appropriate.

The Plaintiffs' complaint in this Court cannot be an attempt to review a decision by the state court.[3] However, Federal law does not prohibit the debtors from bringing suit in this Court to have the foreclosure set aside even if they could try the same question in the appeal to the Circuit Court. *See York v. Bank of Am., N.A.* (*In re York*), 291 B.R. 806, 811 (Bankr. E.D. Tenn. 2003). The question is whether this Court *must* or *should* abstain and allow the state court to decide the question.

Mandatory abstention requires a pending proceeding that can be timely adjudicated. 28 U.S.C. § 1334(c)(2). *See Med. Educ. & Health Servs, Inc. v. Indep. Mun. of* Mayaguez (*In re Med.*

---

3 The Plaintiffs filed an appeal of the General Sessions Court Judgment on June 3, 2025. The appeal was dismissed on January 16, 2026, prior to the Plaintiffs' filing bankruptcy. Post-bankruptcy, the Circuit Court denied the Plaintiffs' Motion to Vacate the dismissal of the appeal, finding it lacked subject matter jurisdiction to rule on the Plaintiffs' Motion. It is this action which Plaintiffs insist keeps their unperfected appeal viable. On April 23, 2026, the Court entered an Order modifying the automatic stay to permit PennyMac to pursue its eviction remedies against the property in accordance with applicable state law. Plaintiffs appealed that decision to the Sixth Circuit BAP.

*Educ. & Health Servs., Inc.*), 459 B.R. 527, 546–47 (Bankr. D.P.R. 2011) (citations omitted) ("The language of the statute is clear that one of the prerequisites for mandatory abstention is that an action must have been initiated in a state forum with jurisdiction."). Of course, this means a pending proceeding that can deal with the issue raised by the complaint—whether the foreclosure can be set aside under Tennessee law. The Plaintiffs' position is that the allegations of wrongful foreclosure can be pursued in the Circuit Court because the March 6, 2026, Order of the Circuit Court is non-final.[4] The Court cannot take for granted that there is a pending proceeding and therefore cannot abstain pursuant to 28 U.S.C. § 1334(c)(2), but the Court can and does permissively abstain pursuant to 28 U.S.C. § 1334(c)(1).

As to discretionary abstention, courts generally consider numerous factors, including, but not limited to:

> (1) the effect of abstention on the administration of the bankruptcy case;
> (2) the extent to which state law issues predominate over bankruptcy law issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the existence of a related proceeding in another court;
> (5) whether there is a basis for federal jurisdiction other than bankruptcy;
> (6) the degree to which the proceeding is related to the bankruptcy case;
> (7) the substance, rather than the form, of an asserted core proceeding;
> (8) the feasibility of severing state law claims so that they can be tried in the state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that commencement of the case in the bankruptcy court involves forum shopping;
> (11) whether there is a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties other than the defendant.

*Beneficial National Bank v. Best Reception Sys., Inc.* (*In re Best Reception Sys., Inc.*)*,* 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998).

---

4 The Court makes no findings about the entry of the March 6, 2026, Order by the Circuit Court but notes that on April 23, 2026, this Court found that the subject property was not property of the estate, and moreover, the Circuit Court's March 6, 2026, Order states it does not have jurisdiction to grant Plaintiffs' Motion to Vacate the Dismissal of the Plaintiffs' appeal.

In this instance: (1) the question of whether the foreclosure can be set aside appears to be governed mostly if not entirely by Tennessee law; (2) there may be the existence of a proceeding in another court; (3) there is no basis for federal jurisdiction other than the bankruptcy;[5] (4) this Court ruled in the context of the stay relief motion that the subject Property was not property of the estate; (5) the Plaintiffs' lawsuit has no relation to the administration of their Chapter 7 bankruptcy estate (a "no asset" Chapter 7); (6) there is a high likelihood that forum shopping is involved given that the Plaintiffs received unfavorable rulings in the state court and in the federal district court prior to coming to bankruptcy court; and (8) as discussed earlier, the Plaintiffs have no standing to pursue the wrongful foreclosure cause of action in their Chapter 7 bankruptcy. The Court concludes that discretionary abstention is in the best interest of the estate and therefore ABSTAINS from hearing this adversary proceeding.

**IT IS, THEREFORE, ORDERED** that the Court, in its discretion, **ABSTAINS** from hearing this proceeding and **DISMISSES** this adversary proceeding against PennyMac and Rubin Lublin.[6]

<div style="border:1px solid black; padding:10px; text-align:center;">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.**

</div>

---

5 In Count VI, the Plaintiffs object to the claim of PennyMac. The Plaintiffs do not have standing to object to PennyMac's claim. A claim objection must be made by a party with standing, and standing is determined based upon the impact to the party. Chapter 7 debtors "rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Lunan v. Jones* (*In re Lunan*), 523 F. App'x 339, 340 (6th Cir. 2013) (quoting *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607 (7th Cir. 1998)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *White v. U.S. Dept. of Edu.* (*In re White*), Bankr. No. 13-21977, Adv. No. 21-2038, 2022 WL 1656708, at *3 (Bankr. E.D. Mich. May 24, 2022) (citation and internal quotation marks omitted).

6 Abstention and Dismissal are appropriate. *See e.g., Ottoman v. Walkley* (*In re Ottoman*), 665 B.R. 64, 66 (Bankr. E.D. Mich. 2024) (*sua sponte* permissively abstaining and dismissing adversary proceeding); *Hall v. Hall* (*In re Hall*), 633 B.R. 350, 357 (Bankr. N.D. Ill. 2021) (permissively abstaining and dismissing adversary proceeding); *LM Waste Serv. Corp. v. Municipio De Juana Diaz* (*In re LM Waste Serv. Corp.*), 562 B.R. 845, 853 (Bankr. D.P.R. 2016) (same).